UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RHONDA DIEKEVERS,

                Plaintiff,         Civil Action No. 14-11546
                                      Honorable Laurie J. Michelson
                                      Magistrate Judge David R. Grand

v.

CAROLYN COLVIN,
Acting Commissioner of Social Security,

                Defendant.
_____/

## REPORT AND RECOMMENDATION TO
## DISMISS COMPLAINT FOR FAILURE TO SERVE

Plaintiff Rhonda Diekevers brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her claim for benefits. Summonses were issued originally on April 16, 2014. No proof of service was filed on the docket within the 120 days allowed for service of the summons and complaint pursuant to Fed. R. Civ. P. 4.[1]

On August 26, 2014, this Court issued an Order for Diekevers to Show Cause why this action should not be dismissed for failure to serve. [7]. A response was due on September 10, 2014. *Id.* On September 11, 2014, Diekevers responded, stating that during two months of the service period, counsel was without a home or office, and thus missed the deadline in this case.

---

[1] Under Fed. R. Civ. P. 4(i), service on an agency or employee of an agency, such as the Commissioner of Social Security, sued in his or her official capacity, is effected by sending copies of the summonses and complaints by certified or registered mail to the agency or employee, to the United States Attorney for the district where the action is brought, and to the Attorney General of the United States in Washington, D.C. Under Fed. R. Civ. P. 4(m), service of a summons and complaint must be made upon a defendant within 120 days after filing the complaint.

[8]. As a result, the Court found that good cause existed for failure to serve, and pursuant to Rule 4(m), extended the time for service by thirty (30) days and ordered summons to be reissued. [9, 10]. Despite this, Diekevers again failed to file a certificate of service on the docket within the permitted timeframe. On October 20, 2014, the Court issued a final order to show cause, directing Diekevers to make a showing of good cause as to why the case should not be dismissed for failure to serve. [11]. Her response was due on or before November 3, 2014. [11 at 2]. To date, no response to that order has been filed, and no proof of service has been docketed.

A court may dismiss an action under Rule 41(b) when a plaintiff fails to prosecute, comply with the Federal Rules, or comply with a court order. A court should consider (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001). Moreover under Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

With regards to this case, the Court finds that three of the four factors weigh in favor of dismissal.[2] First, despite the Court's granting of additional time to serve, Diekevers has continued to fail to serve her complaint. She has further failed to respond to the Court's most recent order to show cause. While it is unclear whether this is the result of bad faith or willfulness, at a minimum, she is clearly at fault for failing to serve and/or comply with the Court's orders.

---

[2] Other than the delay in adjudicating Diekevers' claim, the Court can find no prejudice to the Administration caused by Diekevers's failure to serve, and thus the second factor is not met here.

The third and fourth factors were met by the Court's original and final orders to show cause. Diekevers responded to the first order, citing good cause for her failure to serve. The Court granted the request, and the summons was re-issued on September 15, 2014. [10]. Diekevers was given an additional 30 days to serve. [*Id.*]. Despite this, Diekevers still failed to serve. Nevertheless, in light of her counsel's professed difficult circumstances, the Court gave her one final opportunity to address the Court on these matters. [11]. However, she did not respond to the Court's final order to show cause, giving her an opportunity to explain why her action should not be dismissed.

Having considered the relevant factors, the Court finds it appropriate to dismiss this action pursuant to Rules 4(m) and 41(b) for Diekevers's failure to serve the Commissioner within 120 days of filing her Complaint or within the additional 30 days granted to her by the Court, as well as her failure to comply with the Court's orders to show cause. Under Rule 4(m), such a dismissal should be without prejudice. Accordingly, the Court **RECOMMENDS** dismissing Diekevers's complaint **WITHOUT PREJUDICE**.

Dated: November 20, 2014            s/David R. Grand
Ann Arbor, Michigan                 DAVID R. GRAND
                                    United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*,

638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 20, 2014.

        s/Eddrey O. Butts
        EDDREY O. BUTTS
        Case Manager